UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

CALLY E. MIKLASZ,

        Plaintiff,

-vs-

ERIE COUNTY SOIL AND WATER
  CONSERVATION DISTRICT,

        Defendant.

06-CV-0107E(Sr)

MEMORANDUM

and

ORDER[1]

---

      On February 17, 2006, plaintiff Cally E. Miklasz ("Miklasz"), proceeding *pro se*, filed the instant complaint against her former employer Erie County Soil and Water Conservation District ("ECSWCD") alleging that she had been discriminated against on account of the opposition she voiced to sexual harassment of others at ECSWCD in violation of Title VII, 42 U.S.C. §2000e *et seq.*, and on account of her disability in violation of the Americans with Disabilities Act, 42 U.S.C. §12112 *et seq.*, together the "federal claims." Miklasz alleges that ECSWCD harassed her, failed to promote her, failed to provide her with reasonable accommodations of her disability, retaliated against her and, ultimately, terminated her employment.

      On April 24, 2006, in lieu of an Answer, ECSWCD filed the instant Motion to Dismiss the Complaint arguing that ECSWCD did not employ more than 15 employees at the time of the relevant events and therefore did not meet the definition

---

[1] This decision may be cited in whole or in any part.

of "employer" contained in Title VII and the ADA. The Court issued a briefing schedule and scheduled oral argument on the Motion. Rather than responding to ECSWCD's Motion, on June 2, 2006 Miklasz filed a Motion for Appointment of Counsel.[2] ECSWCD opposed Miklasz's Motion, arguing that such appointment is unnecessary in light of the fatal defects in Miklasz's Title VII and ADA claims and because — even if Miklasz had alleged a corresponding violation of New York State law — such claim is barred because Miklasz elected to pursue her administrative remedies with respect to that claim.

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("FRCvP"), the Court "must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Phelps* v. *Kapnolas*, 308 F.3d 180 (2d Cir. 2002). With certain limited exceptions, the record on a motion to dismiss is limited to the complaint itself. *See Faulkner* v. *Beer*, 463 F.3d 130, 134 (2d Cir. 2006).[3] The motion should not be granted

---

[2]Within that Motion, Miklasz states that her disability — the result of numerous back surgeries — makes it impossible for her to sit or stand for periods of time and thus she requires counsel in order to properly prosecute this action. She states that she is unable to afford the retainer fees charged by private counsel and she has been granted *in forma pauperis* status in this case.

[3]In support of its Motion, ECSWCD has submitted materials outside the complaint, including affidavits and payroll records. In an effort to circumvent both the general standard of review for motions to dismiss as well as the requirement that such materials convert such motion to one for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure ("FRCvP"), ECSWCD asks the Court to take judicial notice of such materials. This the Court will not do and it has limited its consideration to those facts alleged in the complaint and to those documents incorporated by reference into the complaint. *See Faulkner*, *supra*, at 134.

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957). Accordingly, the Court is not concerned with whether plaintiff may ultimately succeed on her claims but must "assess the legal feasibility of the complaint." *Cooper* v. *Parsky*, 140 F.3d 433, 440 (2d Cir. 1998).

ECSWCD argues that, even assuming Miklasz's version of the facts is true, the Title VII and ADA claims against it must be dismissed because it does not satisfy the definition of "employer." Both Title VII and the ADA define an employer in pertinent part as follows:

> "The term 'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year $_{***}$."

42 U.S.C. §2000e(b) and 42 U.S.C. §12111(5)(A). In her complaint, Miklasz asserts that ECSWCD had 10 employees during her employment there. Thus, Miklasz cannot allege any set of facts that would entitle her to relief under these statutes.

Miklasz does not oppose ECSWCD's argument with respect to the federal claims. Rather, she contends that under New York State law discrimination is actionable against an employer with 4 or more employees and thus the Court should appoint an attorney for her so that she may pursue her state law claims.[4] As

---

[4]The Court notes that Miklasz's Complaint alleges only the federal claims. She does not allege any state law claims. To grant Miklasz's motion, therefore, would entail a determination that she should be allowed to amend her complaint to allege the state law claims and that such (continued...)

ECSWCD correctly notes, however, Miklasz filed administrative complaints concerning the relevant events with the New York State Division of Human Rights ("DHR"). The DHR investigated her complaints and concluded that there was no probable cause to believe that a violation of law had occurred.

Section 297(9) of the New York State Executive Law states that a person shall have a cause of action in any court of competent jurisdiction to allege discrimination under the statute, unless such person files an administrative complaint concerning the same subject matter. With one exception for such complaints dismissed for "administrative convenience" by the administrative agency, the filing of such a complaint bars a judicial complaint based on the same subject matter. Because Miklasz filed those complaints with the DHR, her potential state law cause of action is now barred.

Accordingly, it is hereby **ORDERED** that ECSWCD's Motion to Dismiss is granted and Miklasz's Motion for Appointment of Counsel is denied. The Clerk of the Court is directed to take all steps necessary to close the case.

DATED:   Buffalo, N.Y.

   January 11, 2007

*/s/ John T. Elfvin*
JOHN T. ELFVIN
S.U.S.D.J.

---

[4](...continued)
claims as amended have arguable merit. In light of the discussion of Miklasz's choice of administrative remedies, *supra*, the Court cannot make those determinations in Miklasz's favor.